[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13148
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

Agency No. A097-640-165

FERNANDO MORALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 30, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Fernando Morales seeks review of the Board of Immigration Appeals' ("BIA") order dismissing Morales's appeal of the Immigration Judge's ("IJ") denial of his second motion to reopen his removal proceedings. After review, we deny the petition for review.[1]

## I. BACKGROUND

### A. 2003 to 2006 Removal Proceedings Before IJ

In September 2002, Morales, a citizen of Colombia, entered the United States as a non-immigrant visitor with authorization to remain until October 27, 2002. Morales overstayed his visa.

In September 2003, Morales filed an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Morales's application alleged past persecution and a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on his political opinion. Specifically, Morales claimed that, because of his involvement with the Liberal Party and his social activism, FARC members had threatened him; shot at his car, wounding him in the leg; and then tracked him down in another town and

---

[1]We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Under this standard, our review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005)(quotation marks omitted).

sent him a "condolence" note threatening to kill him.

In December 2003, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Morales with removability, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Morales admitted the allegations in the NTA and conceded removability. After a 2006 merits hearing on Morales's application for asylum, withholding or removal and CAT relief, the IJ denied all requested relief.

## B.    2007 BIA Decision

On August 24, 2007, the BIA disagreed with the IJ and concluded Morales was entitled to asylum. The BIA determined that Morales had demonstrated past persecution and DHS had not rebutted the presumption of future persecution. The BIA remanded the case to the IJ to allow DHS the opportunity "to complete or update identity, law enforcement or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided in 8 C.F.R. § 1003.47(h)."[2]

## C.    2007 Remand Proceedings Before IJ

On September 25, 2007, the immigration court sent notice of a hearing set

---

[2]Pursuant to 8 C.F.R. § 1003.47(h), upon remand from the BIA, the IJ must "consider the results of the identity, law enforcement, or security investigations or examinations" and "[i]f new information is presented," the IJ "may hold a further hearing if necessary" before entering "an order granting or denying the immigration relief sought." 8 C.F.R. § 1003.47(h).

3

for November 14, 2007 to Morales's attorney of record. At the November 14, 2007 hearing, Morales's attorney attended, but Morales did not appear. Morales's attorney advised the IJ that he was unable to locate Morales. The IJ found that Morales's failure to appear constituted abandonment of his application for relief. On the same date, the IJ denied Morales's application for lack of prosecution and entered an in absentia order of removal. Neither Morales nor his counsel filed a petition for review of this final removal order.

**B.     First Motion to Reopen**

On August 22, 2008, approximately nine months after his final removal order was entered, Morales filed his first motion to reopen his removal proceedings. Morales alleged he never received notice of the November 14, 2007 hearing because the court notice to him was sent to his former address and he had since moved. Morales admitted, however, that he had not notified his attorney of his new address and telephone number.

On June 29, 2009, the IJ denied Morales's first motion to reopen. The IJ explained that when an alien is represented by counsel, the alien is deemed to have received proper notice if it is sent to his counsel of record. Morales's attorney had attended the November 14, 2007 hearing, demonstrating that his attorney received notice of the hearing. Furthermore, Morales had not notified his counsel or the

4

immigration court of his change of address and had not shown "due diligence in seeking to redress the situation." Morales did not appeal the IJ's order.

## C.    Second Motion to Reopen

On May 28, 2010, Morales filed a second motion to reopen his removal proceedings but this time Morales's motion was based on "changed country conditions" in Colombia. See INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). This time, Morales asserted that he had new evidence demonstrating that he was "still a target" of the FARC and that his "enemies are still looking for him." Morales argued that the political situation in Colombia had deteriorated "[d]uring the pendency of these proceedings." Specifically, Morales stated that President Uribe has successfully eradicated FARC leadership, and the absence of a central command has made FARC guerrillas more violent. Moreover, Morales claimed, President Uribe's term was about to end, and the FARC believed the next president "would not follow Uribe's security policies," which would allow the FARC to regain supremacy. Morales contended that, to that end, the FARC was more determined than ever to maintain its position as the most powerful terrorist group in Colombia, to "eradicate all who oppose[ ] . . . their political agenda" and to overthrow Colombia's democratically elected government.

Morales submitted three affidavits that described two 2010 incidents in

5

Colombia involving men who knew Morales in 2002 through the Liberal Party. In the first incident, on January 6, 2010, two men associated with the FARC attacked Luis Alfonso Marin Bedoya in Bogota, and demanded to know where Morales was. When Luis told the men that Morales was in the United States, the men accused Luis of lying, beat him, held a gun to his head, and threatened to kill him. Later, Luis received threatening phone calls and was forced to leave the area.

During a second incident, on February 5, 2010, three men confronted Carlos Arturo Gomez Barragan in Bogota and threatened to kill him if he did not tell them where Morales was. After searching Barragan's house, the men told Barragan to tell Morales that the "FARC is looking for him, and we won't rest until we find him" and that Morales would "have to face the consequences, otherwise others will pay for what he did against FARC."

The IJ denied the second motion to reopen. The IJ acknowledged Morales's three affidavits indicating that the FARC "continue[d] to pursue" Morales. The IJ determined, however, that Morales's evidence did not "show any *change*' in the country conditions of Colombia" and thus his second motion to reopen was time-barred and number-barred.

The BIA dismissed Morales's appeal. The BIA also noted Morales's "three affidavits from men in Colombia who know the respondent, two of whom were

threatened or beaten by the FARC." The BIA found that Morales had not "presented sufficient facts or evidence to establish that his motion falls within the 'changed circumstances' exception to the time limitation for motions to reopen set forth at 8 C.F.R. § 1003.2(c)(3)(ii)." The BIA agreed with the IJ that Morales's second motion to reopen was also number-barred.

## II. DISCUSSION

An alien may file only one motion to reopen removal proceedings, and the motion must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B). Generally, the motion must be filed within ninety days of the BIA's final removal order. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1),(3). However, the time and number limits do not apply if the movant can show "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(2) & (3)(ii), 1003.23(b)(4)(i).

Because motions to reopen removal proceedings are disfavored, the movant

7

bears a "heavy burden." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). To succeed on a motion to reopen based on changed country conditions, the movant must show that there is new evidence that was material and was not available and could not have been discovered or presented at the removal hearing. INA § 240(c)(7)(C)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); see also Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). To be "material," the evidence must be the kind that, if the proceedings were reopened, "would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009).

Here, Morales does not dispute that this is his second motion to reopen and that it was filed more than ninety days after his final removal order. Indeed, it was filed in May 2010, over two and a half years after his final removal order was entered. Thus, the only issue on appeal is whether Morales's second motion to reopen presented new and material evidence of changed country conditions to overcome the time and numerical bars.

Morales failed to satisfy his heavy burden to establish changed country conditions in Colombia. The only evidence Morales submitted was the three

affidavits.[3] These affidavits showed that the FARC continues to threaten Morales. The affidavits did not show that since Morales's 2006 removal hearing the FARC has escalated its efforts to target Liberal Party members such as Morales. Cf. Jiang, 568 F.3d at 1258 (explaining that evidence of "recent increased enforcement" of the one-child policy in alien's hometown in China showed changed country conditions). Although Morales maintained that the political situation in Colombia was deteriorating and that the FARC had recently become more violent, he did not submit any evidence to support this claim. In short, Morales's evidence showed only that he still faces the same threat he faced during his removal hearing, which is not a "change."

Morales complains that the BIA found in 2007 that the threat Morales faced in 2006 constituted persecution and, therefore, his new evidence that the threat continues established that he is prima facie eligible for asylum.[4] The BIA's

_____

[3]We are unpersuaded by Morales's argument that the BIA's 2007 determination that Morales was eligible for asylum is itself evidence of changed country conditions. The BIA's 2007 determination was based on evidence Morales submitted at or before his initial 2006 removal hearing rather than on any new evidence. Thus, the BIA's 2007 determination does not support his second motion to reopen.

[4]Morales also argues that, because the BIA determined in 2007 that he was entitled to asylum, the withholding of removal statute, INA § 241(b)(3)(a), 8 U.S.C. § 1231(b)(3)(a), bars his removal to Colombia. To the extent Morales moved to reopen so he could reapply for withholding of removal, the time and numerical limits still applied unless he could show changed country conditions, which he did not. See INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii) (stating there is no time limit on a motion to reopen "if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) . . . and is based on changed country conditions."); 8

previous decision did not relieve Morales of the requirement to show changed country conditions in his second motion to reopen filed over two and a half years after his final removal order. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (stating that the failure to establish a prima facie case and the failure to introduce material and previously unavailable evidence are "independent grounds" for denying a motion to reopen). Moreover, despite the BIA's 2007 decision, Morales's application for relief was denied for lack of prosecution, not on the merits. Therefore, Morales's evidence that is merely cumulative of his original, abandoned persecution claims would not change the result in his case.

Finally, we reject Morales's contention that the IJ failed to consider all of Morales's evidence and to explain adequately his decision to deny the motion to reopen. Neither the IJ nor the BIA is required to address each piece of evidence individually, so long as they considered the issues raised in the motion and announced their decisions in a way that demonstrates they "heard and thought and not merely reacted." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010)(quotation marks omitted); Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). Here, both the IJ and the BIA acknowledged Morales's three

C.F.R. § 1003.2(c)(2) (stating the time and numerical limits do not apply to motions to reopen filed with the BIA "[t]o apply or reapply for asylum or withholding of removal" and based on changed country conditions); 8 C.F.R. § 1003.23(b)(4)(i) (same as to motions to reopen filed with the IJ).

10

affidavits and concluded that this evidence did not show changed country conditions, which was sufficient to allow for appellate review of their decisions.

For all these reasons, we cannot say that the IJ and the BIA abused their discretion in denying Morales's second motion to reopen.

**PETITION DENIED.**